## WHITMAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9705.

United States Court of Appeals,
Seventh Circuit.

May 11, 1950.

Rehearing Denied June 30, 1950.

Lloyd C. Whitman, Chicago, Ill., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., George A. Stinson, Ellis N. Slack, Howard P. Locke, Robert N. Anderson, S. Walter Shine, Special Assistants to the Attorney General, Washington, D. C., for respondent.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

PER CURIAM.

This appeal involves taxpayer's income tax liability for the years 1941 and 1943. Petitioner is a practicing attorney. During the period of years from 1937 to 1943, inclusive, he kept his books and records on the cash receipts and disbursements basis. The question presented is whether amounts received on account of fees for services rendered a receiver in liquidation proceedings were compensation for personal services when received, and whether he is entitled to tax reduction under § 107 Internal Revenue Code, as amended, 26 U.S. C.A. § 107.

The Tax Court upheld the determination of the Commissioner of Internal Revenue that the payments made to petitioner as attorney for the receiver represented compensation for services in the years when paid to and received by him. It therefore concluded that § 107(a) of the Act was not applicable because petitioner had not received 80 percent of his total compensation in 1942. Since the Tax Court fully stated the facts, it is unnecessary to restate them here. The reasons for the decision are well and sufficiently stated in the Tax Court's opinion. 10 T.C. 151. We agree with what was said in that opinion. The decision is therefore affirmed.

Affirmed.